UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

————————————————————————X

RICHARD BOURT, JR.,

                                            CIVIL ACTION

        Plaintiff                             NO. 3:02CV00191 (AVC)

VS.

METRO-NORTH RAILROAD COMPANY,

        Defendant

————————————————————————X

————————————————————————X

SAMUEL J. COMPO,

                                            CIVIL ACTION

        Plaintiff

                                            NO: 3:02CV1675(PCD)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

        Defendants

————————————————————————X

————————————————————————X

ROBERT L. FUDA,

                                            CIVIL ACTION

        Plaintiff                             NO. 3:02CV01678 (RNC)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

        Defendants

————————————————————————X

**FELA HEARING LOSS CASES -  MAY BE FILED IN NEW HAVEN**
**AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.**

_____X

JOHN P. GEARY,                                                    CIVIL ACTION

      Plaintiff                                          NO. 3:02CV01679 (WWE)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

_____X

ROBERT HICKEY,                                              CIVIL ACTION

      Plaintiff                                          NO. 3:02CV01674 (CFD)

VS.

METRO-NORTH RAILROAD COMPANY,

      Defendant

_____X

_____X

THOMAS KINIRY,                                              CIVIL ACTION

      Plaintiff                                          NO. 3:02CV01680 (JBA)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

_____X

RICHARD K. LASKEVITCH,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

CIVIL ACTION

NO. 3:02CV01676 (GLG)

_____X

JOHN RAGGI,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

CIVIL ACTION

NO. 3:02CV01681 (GLG)

_____X

EDWARD P. RUSSO,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

CIVIL ACTION

NO. 3:02CV01682 (JCH)

—————————————————————————X

JAMES SCOFIELD,

      Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants

—————————————————————————X

CIVIL ACTION

NO. 3:02CV1683 (JCH)

—————————————————————————X

MICHAEL SELMONT,

      Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants

—————————————————————————X

CIVIL ACTION

NO. 3:02CV1677 (GLG)

—————————————————————————X

MILLARD J. SULLIVAN,

      Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants

—————————————————————————X

CIVIL ACTION

NO. 3:02CV01684 (JCH)

_____X

FRANCIS BAKUTIS,                                                CIVIL ACTION

      Plaintiff                                            NO. 3:02CV01877 (MRK)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

_____X

ROBERT C. BLACK,                                               CIVIL ACTION

      Plaintiff                                            NO. 3:02CV01873 (AVC)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

_____X

JAMES CAFFREY,                                                 CIVIL ACTION

      Plaintiff                                            NO. 3:02CV01884 (CFD)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

_____X

CHARLES KANE,                                          CIVIL ACTION

     Plaintiff                                   NO. 3:02CV01878 (CFD)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

_____X

KARL KAUTZ,                                            CIVIL ACTION

     Plaintiff                                   NO. 3:02CV01874 (JBA)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

_____X

FREDERICK N. KOVAL,                                    CIVIL ACTION

     Plaintiff                                   NO. 3:02CV01879 (GLG)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

_____X

SIGISMONDO LoVERME,                                          CIVIL ACTION

     Plaintiff                                          NO. 3:02CV01880 (PCD)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

_____X

HENRY MACKEY,                                          CIVIL ACTION

     Plaintiff                                          NO. 3:02CV01881 (AWT)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

_____X

LOUIS MURRAY,                                          CIVIL ACTION

     Plaintiff                                          NO. 3:02CV01882 (JBA)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

_____X

ALFRED C. SCHUMACHER,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

_____X

TIMOTHY STRAND,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

_____X

TIMOTHY SWEENEY,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

CIVIL ACTION

NO. 3:02CV01875 (AHN)

CIVIL ACTION

NO. 3:02CV01883 (AWT)

CIVIL ACTION

NO. 3:02CV01872 (RNC)

_____X

BILLY JOE WILSON,

       Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

       Defendants
_____X

CIVIL ACATION

NO. 3:02CV01876 (DJS)

_____X

NICKOLAS R. ATLAS,

       Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY,

       Defendant
_____X

CIVIL ACTION

NO. 3:02CV02029 (DJS)

_____X

MICHAEL BETTINI,

       Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

       Defendants
_____X

CIVIL ACTION

NO. 3:02CV02030 (RNC)

———————————————————————————X

PAUL F. CIUZIO,                                                CIVIL ACTION

      Plaintiff                                                NO. 3:02CV02032 (JBA)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
———————————————————————————X

———————————————————————————X

RICHARD FANNING,                                           CIVIL ACTION

      Plaintiff                                                NO. 3:02CV02034 (SRU)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
———————————————————————————X

———————————————————————————X

THOMAS FARLEY,                                              CIVIL ACTION

      Plaintiff                                                NO. 302CV02035 (WWE)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
———————————————————————————X

_____X

CALOGERO FARRUGGIO,

      Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

CIVIL ACTION

NO. 3:02CV02036 (CFD)

_____X

CLYDE GIBBS,

      Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

CIVIL ACTION

NO. 3:02CV02037 (WWE)

_____X

THOMAS INFANTINO,

      Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

CIVIL ACTION

NO. 3:02CV02038 (GLG)

_____X

ANTONIO P. SARTORI, JR.,                              CIVIL ACTION

      Plaintiff                                      NO. 3:02CV02039 (PCD)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X
_____X

LAWRENCE TRAMAGLINI,
                                                        CIVIL ACTION
      Plaintiff                                      NO. 302CV02040 (SRU)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X
_____X

JOSEPH WALZ,
                                                        CIVIL ACTION
      Plaintiff                                      NO. 3:02CV02041 (DJS)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

———————————————————————X

MAURICE BARRETT,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

———————————————————————X

CIVIL ACTION

NO. 3:03CV00180 (DJS)

———————————————————————X

DAVID BETRIX,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

———————————————————————X

CIVIL ACTION

NO. 3:03CV00181 (WWE)

———————————————————————X

THOMAS BYRNE, SR.,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

———————————————————————X

CIVIL ACTION

NO. 3:03CV00182 (CFD)

_____X

FRANK DiLORENZO,                                                    CIVIL ACTION

     Plaintiff                                                NO. 3:03CV00183 (AWT)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

_____X

DENNIS INCONSTANTI,                                                CIVIL ACTION

     Plaintiff                                                NO. 3:03CV00184 (MRK)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

_____X

JOHN F. JOHNSON, JR.,                                              CIVIL ACTION

     Plaintiff                                                NO. 3:03CV00185 (GLG)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

_____X

JOHN MELILLO,

      Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY,

      Defendant

_____X

CIVIL ACTION

NO. 3:03CV00186 (RNC)

_____X

JERRY D. PATTERSON, SR.,

      Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants

_____X

CIVIL ACTION

NO. 3:03CV00187 (GLG)

_____X

PEDRO RODRIGUEZ,

      Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants

_____X

CIVIL ACTION

NO. 3:03CV00188 (JBA)

_____X

RICHARD STARR,                                              CIVIL ACTION

      Plaintiff                                    NO. 3:03CV00189 (RNC)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

_____X

ROBERT WEST,                                               CIVIL ACTION

      Plaintiff                                    NO. 3:03CV00190 (AWT)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

_____X

ROBERT F. WRIGHT,                                          CIVIL ACTION

      Plaintiff                                    NO. 3:03CV00191 (RNC)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants                                   NOVEMBER 14, 2003
_____X

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL METRO-NORTH

      Pursuant to Fed. R. Civ. P. 37 and D. Conn. L. R. Civ. P. 37, the plaintiffs in the above-captioned hearing loss cases hereby move to compel Metro-North ("MN") to produce

documents responsive to requests for production ("RFP") (1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 17, 18 ,19, 20, 21, 22, 24, 25, 26 and 27) and to respond to interrogatories (1, 2, 3, 4, 5, 6, 7, 8 and 9).

A complete copy of the plaintiffs' discovery requests and MN's responses are set forth hereto in App. A.  MN's counsel represented that MN's responses set forth in App. A are the same for all the hearing loss cases.  The result of the parties' Rule 37 Conference are set forth in App. B, plaintiffs' affidavit incorporating counsel's April 7, 2003 Rule 37 Conference follow-up letter.

## A.  BACKGROUND

Occupational hearing loss was recognized since the 1700's and was well documented through the 20th century. See App. C (Dr. Rabinowitz's Expert Report). In 1966, Dr. Glorig informed the American Association of Railroads (AAR) of the need for railroads to take immediate actions to limit and minimize employee exposure to loud noises.  The defendants in the instant lawsuits failed to implement hearing conservation programs in a timely fashion and when they did implement a hearing conservation program, it was inadequate and insufficient. Generally, the defendants negligently failed to provide the plaintiffs with a workplace reasonably safe from exposure to foreseeable conditions that it knew or reasonably should have known pose a risk of occupational injury.  The defendants negligently failed to take steps to eliminate the risk of occupational injury pertaining to the plaintiffs' jobs, tasks and duties.  The defendants failed to provide the plaintiffs with a reasonably safe place in which to work including but not limited to failing to furnish them with safe and suitable tools, appliances, equipment, premises, assistance, training, protective devices and procedures.

Some of the plaintiffs worked in the following crafts and departments:

Transportation Department, Communications and Signal Department, Bridges and Building Department, Track Department, Locomotive Engineer, Assistant Signalman, Signalman,

Assistant Signal Foreman, Signal Foreman, Signal Maintainer, District Lineman, Telephone and Telegraph Maintainer, Assistant Signal Inspector, Fireman and Oiler, Steam Generator Operator, Turbine and Condenser Operator, Boiler Operator, Soot Blower, Fork Truck Operator, Laborer, Diesel Engine Compartments Cleaner, Groundmen, Apprentice Lineman, High Tension Lineman, Line Foreman, Trackman, Machine Operator; Foreman; C-Driver, Trackman Tie Jobs, Crane Operator, Foreman, Class 3 Machine Operator, Driver, Class 2 Machine Operator, Class 1 Machine Operator, Welder, Mechanic, Truck Driver, Ballast Regulator Operator, Boom Truck Operator, Back Hoe Operator, Electric Line Foreman, Retarder Mechanic, and Signal Maintainer.

Some of the plaintiffs were exposed to the following noisy equipment and work locations:

Locomotive Engines, FL 9s, Budd Cars, SPVs, Air Compressors, Hydraulic Equipment, Wheel Presses, Locomotive Test Areas, Air Brakes, Metal Cutting Lathes; Boring Mill Machines, Hilty Guns, Bolt Driver-bucket-truck motors, Diesel Shops, Diesel Engines, Diesel Generators, Generators in Power Substations, Bonding Machines, Drilling Machines, Chop Saws, Tie Gang Equipment, Track Department Equipment, Ballast Regulators, Vacuum Trucks, "Suck Trucks," Tampers, Sweepers, Welded Rail Jobs, Concrete Tie Jobs, Jackhammers, Locomotive Horns, Locomotive Whistles, Track Department Equipment Horns, Boilers, Steam Generators, Boiler Rooms, Oil Pumps, Condenser Rooms,Electric Train Engines, Drilling Machines, Chain Saws, Snow Blowers, Leaf Blowers, Hydraulic Drills, Hydraulic Saws, High Voltage Switch Explosions, Tamping Equipment,     Spikers, Grinders, Bucket Trucks,          Spike Pullers, Rail Saws, Tampers, Track Cranes, Pile Drivers, Sweepers, Welding Equipment, Work Trains, Tie Inserters, Tie Injectors, Power Saws, Abrasive Saws, Rail Grinders, Pneumatic Hammers, Tie Shears, Tie Handlers,  Hydraulic Cranes, Burrough Cranes, American Cranes, Tie Borer, Spike Pullers, Nut Runners, Bonding Machines, Drilling Machines, Chop Saws, Little Giant Cranes,  Air Compressors, Back Hoe Stamper, Scarrafire, Plate Machines,  Snow Jets, Bulldozers, Lining Machines, Gas Engines and Generators, and Retarders.

Lastly, most of the plaintiffs worked for MN from 1983 through the present time.

## B.  LAW

Plaintiffs' requests need only be "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The work-product doctrine is embodied in Fed. R. Civ. P. 26(b)(3), which offers qualified immunity from discovery for documents "prepared in anticipation of litigation or for trial."  See, e.g.,  Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 471 (S.D.N.Y. 1993).  To invoke the protection of the rule, the party resisting discovery bears the burden of proof to establish that the documents in question were "prepared

principally or exclusively to assist in anticipated or ongoing litigation."  United States v. Construction Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996).  Even if the document comes within the scope of the rule, the protection afforded is conditional and "may [therefore] be set aside if the discovering party demonstrates a sufficiently pressing need for the data." Bowne, 150 F.R.D. at 471.  That standard requires proof that the inquiring party "has [a] substantial need of the materials in the preparation of [its] case and that [it] is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 23(b)(3). See, e.g., Horn & Hardart Co. v. Pillsbury Co., 888 F.2d 8, 12 (2d Cir. 1989).

## C.  REQUESTS FOR PRODUCTION

**3.    All documents reflecting or pertaining to the testing of noise levels at any location where the plaintiff worked for defendant Metro-North Railroad.**

During the parties' Rule 37 Conference, MN agreed to withdraw this objection and respond to this request.  Despite the fact over 14 hearing loss plaintiffs have been deposed, MN has not produced any responsive documents.  The plaintiffs seek an order compelling production of responsive documents for plaintiffs who have been deposed no later than January 10, 2003 and compelling production of responsive documents for plaintiffs who have not yet been deposed within 30 days after the respective plaintiff is deposed.

**5.    All reports of expert witnesses employed by defendant Metro-North Railroad or its attorneys concerning hearing loss.**

**Objection: This request is overly broad in that it seeks production of documents protected by the work product doctrine or the attorney client privilege.  Furthermore, it seeks information produced by undisclosed expert witnesses.**

During the parties' Rule 37 Conference the plaintiffs agreed to modify this request so that it does not cover undisclosed experts who were retained solely for litigation at any point <u>after</u> the date each respective plaintiff's lawsuit was filed.  MN refused to withdraw its objections.  The plaintiffs seek an order compelling MN to respond to this RFP as modified.   MN was created in 1983.  Expert reports from that time to the fall of 2002 are highly relevant to establishing MN's knowledge about the noise levels of its equipment, jobs, and work locations.  Moreover, MN has not produced a single report from an expert from 1983 to 2002.  Lastly, MN is required to prepare a privilege log with respect to any reports it is withholding on the basis of privilege and it has failed to prepare any such log.  It is important that such a log is created so that the plaintiffs can have a basis to assess any "work-product" or "attorney-client" privilege claim that is asserted.   <u>See</u> D. Conn. L. R. Civ. P. 37.

**6.    All documentation prepared by OSHA or any other federal or state agency or public or private entity relating to noise levels at defendant Metro-North Railroad's place of business.**

**Objection:  This request is overly broad and unduly burdensome in that it is unlimited as to time and place.**

The plaintiffs seek to compel MN to respond to this request. Most of the plaintiffs have worked for MN from 1983 to the present and they have worked at numerous different jobs, in many different locations and around various types of equipment and noises. The plaintiffs are entitled to all the information MN possesses about noise levels at its work sites and around its equipment. This information is relevant to establishing the actual noise levels to which the various plaintiffs were exposed. This information is also relevant to proving what knowledge MN had about noise levels and to show what testing it performed compared to what testing it failed to perform. If MN has studies of noise levels around track equipment that took place on the New Haven Line, this information is probative of noise levels around similar equipment even if the work location of a respective plaintiff was along the MN Hudson Line. Moreover, even if noise level tests were performed at a location where none of the plaintiffs worked, this information is still relevant. For example, such information can be used to prove that MN tested some locations but was negligent in failing to test other locations. Also, if there is an OSHA report critical of noise levels at a location where no plaintiffs worked, this information is likely to be relevant in that it shows what notice MN had about noise levels, and risks associated with noisy work environments.

Lastly, if MN tested noise levels in 1983 at a work locations to which the plaintiffs were not exposed, this information is still relevant to help prove MN was negligent for failing to test noise levels around other noisy work locations and make efforts limit plaintiffs' exposure to loud noise.

**21. With regard to defendant Metro-North Railroad's hearing testing program, please provide any and all documentation concerning any statistics or figures on average hearing loss, total hearing loss or any statistics compiled with regard to the hearing testing program conducted by the defendant Metro-North Railroad.**

**Objection: This request is vague, ambiguous, is overly broad and unduly burdensome in that it is unlimited as to time and place.**

With respect to all, or nearly all the plaintiffs, MN denies that noise from their place of work contributed in any way to their hearing loss.  The plaintiffs are entitled to statistical information concerning hearing loss among MN employees.  This information will also be helpful for plaintiffs' experts in assessing the connection between noise exposure at MN and hearing loss.  This information will also help prove that MN failed to provide a reasonably safe place in which to work and thereby violated the Federal Employers' Liability Act.

**4.    All documents published by defendant Metro-North Railroad or any organization or other group with which defendant is or has been affiliated referring to noise exposure to railroad workers.**

During the parties' Rule 37 Conference the plaintiffs agreed to limit this request to cover documents within MN's possession or control and MN agreed to withdraw its objections.  No documents have been produced.  The plaintiffs seek an order compelling MN to produce responsive documents, if any, by a date certain.

**7.  All documents from any source warning or informing plaintiff of exposure to noise.**

During the parties' Rule 37 Conference, the plaintiffs agreed to modify this request to "All documents drafted, produced or provided by Metro-North, or its agents, warning or informing plaintiff of exposure to noise" and MN agreed to withdraw its objections.  The plaintiff seeks an order from the Court requiring MN to produce responsive documents, if any, by a date certain.

**10.  All documents reflecting or pertaining to noise exposures at defendant Metro-North Railroad.**

At the parties' Rule 37 Conference, the plaintiff agreed to modify the request to seek "All documents in the plaintiffs' respective departments with Metro-North (i.e. Transportation, B&B Department, Track Dept. etc.), Claims Department, Safety Department or Medical Department reflecting or pertaining to noise exposures at defendant Metro-North and MN agreed to withdraw its objections.   The plaintiff seeks an order from the Court requiring production of responsive documents by a date certain.

**11.  All documents reflecting or pertaining to complaints made by the plaintiff or other person or entities regarding noise levels at defendant Metro-North Railroad.**

During the parties' Rule 37 Conference, the plaintiffs agreed to modify the request to seek "All documents reflecting or pertaining to complaints made by the plaintiff or other employees in the plaintiff's respective departments to any foreman or management regarding noise levels at Metro-North" and MN agreed to withdraw its objections. The plaintiff seeks an order from the Court requiring production of responsive documents by a date certain.

**13.  All documents reflecting or pertaining to defendant Metro-North Railroad's knowledge of alleged problems posed by noise exposure.**

During the parties' Rule 37 Conference, the plaintiffs agreed to modify the request to seek "All documents reflecting or pertaining to the departments the respective plaintiffs worked in, the Medical Department, the Safety Department and Claims Department's knowledge of health problems posed by noise exposure" and MN agreed to withdraw its objections. The plaintiff seeks an order from the Court requiring production of responsive documents by a date certain.

**14.  All documents reflecting or pertaining to the plaintiff's knowledge of alleged problems posed by noise exposure.**

During the parties' Rule 37 Conference, the plaintiffs agreed to modify the request to seek "All documents drafted, produced, or provided by Metro-North or its agents reflecting or pertaining to the plaintiff's knowledge of alleged problems posed by noise exposure" and MN agreed to withdraw its objections. The plaintiffs seek an order from the Court requiring production of responsive documents by a date certain.

**18. Produce any safety book or rule book issued to employees of defendant Metro-North Railroad at its facilities, if any, which contain instructions on the appropriate methods of performing their jobs:**
    **(a)  to avoid creating excessive noise;**
    **(b)  to protect the employees from adverse effects of such noise; or**
    **(c)  provides that violation of such rules would be cause for some penalty against the offending employees.**

During the parties' Rule 37 Conference, the plaintiffs agreed to modify the request so "(a)" states "to limit or reduce noise from jobs" and MN agreed to withdraw its objections. The plaintiff seeks an order from the Court requiring production of responsive documents, if any, by a date certain.

**19.  Any communications, instructions, directions, or orders to any supervisory personnel that refers, reports, or relates to hearing loss or noise protection.**

At the parties' Rule 37 Conference, the plaintiffs agreed to modify the request to seek "Any communications, instructions, directions, or orders to any supervisory personnel, in the departments the respective plaintiffs worked in, and Medical Department or Safety Department that refers, reports or relates to hearing loss or noise protection" and the defendant agreed to withdraw its objections. The plaintiff seeks an order from the Court requiring production of responsive documents, if any, by a date certain.

**22.  Produce a copy of any and all tests, reports, examinations, studies, surveys or results in whatever tangible form concerning any and all inspections concerning noise levels.**

During the parties' Rule 37 Conference, the plaintiffs agreed to modify the request to only cover equipment used and work performed by the departments the respective plaintiff worked in and MN agreed to withdraw its objections.  Accordingly, the plaintiff seeks an order from the Court requiring production of responsive documents, if any, by a date certain.

**24.  Any studies commissioned by the Association of American Railroads (through a technical research organization in Canada) for the purpose of determining human factor hazards inside locomotive cabs.**

During the parties' Rule 37 Conference, the plaintiffs agreed to modify the request to only seek this information for those plaintiffs who were employed by MN as train engineers or firemen and MN agreed to withdraw its objections.  Accordingly, the plaintiff seeks an order from the Court requiring production of responsive documents, if any, by a date certain.

**1.    All documents reflecting or pertaining to any examinations, treatment or testing of the plaintiff's hearing and ears at any time, including any calculations, measurements, or test results of plaintiff's hearing.**
**2.    All documents reflecting or pertaining to any medical treatment or examinations of the plaintiff.**
**8.    All documents relating to the availability of ear protectors furnished by defendant Metro-North Railroad to the plaintiff.**
**9.    All photographs of ear protection devices used or made available to the plaintiff by defendant Metro-North Railroad.**
**12.  All written or recorded statements or memoranda of conversations with the plaintiff.**
**17.  Produce a copy of your "Medical Standards Manual" as well as any predecessor volumes of this manual which are currently in your possession or control.**
**27.  Any notice to the plaintiff that the plaintiff has an impairment to his hearing.**

MN has no objections to these requests.  The plaintiff seeks and order from the Court compelling MN to produce responsive documents, if any, by a date certain.

**15.  All medical records and/or reports in your possession or control pertaining to the plaintiff including but not limited to the plaintiff's complete medical file.**
**20.  Produce any and all copies and samples of hearing protection provided to the plaintiff. Please include any and all purchase orders, bills and any documentation indicating when said equipment was first purchased and available to defendant Metro-North Railroad.**
**25.  Any "Lawshe Reports" (which were commissioned by the Association of American Railroads) which implicate certain known and understood work hazards specifically associated with the plaintiffs' job.**
**26. All documents from the medical and surgical section of the Association of American Railroads relating in any way to noise-induced hearing loss.**

MN withdrew its objections to RFP 15, 20, 25, and 26 during the parties' Rule 37 Conference. The plaintiff seeks and order from the Court compelling MN to produce responsive documents, if any, by a date certain.

## D.  INTERROGATORIES

**4.  For any tests performed by, under the control of, or at the request of the defendant Metro-North Railroad to measure the noise levels at the job site or in the facilities in which the plaintiff worked or any part thereof, please state:**
      **(a)  the dates of such test or tests;**
      **(b)  the person or organization administering such tests;**
      **(c)  the results of such tests.**

**Objection:  This request (sic) calls for disclosure of the opinions of undisclosed experts, and for information gathered in anticipation of, or during litigation.**

During the parties' Rule 37 Conference, the plaintiffs agreed to limit the interrogatory so that it does not include non-disclosed experts hired solely in anticipation of litigation <u>after</u> the date of the respective plaintiff's lawsuit.  MN refused to withdraw its objections and refuses to comply with D. Conn. L. R. Civ. P. 37 which requires the creation of a privilege log.  The plaintiff seeks a response for all experts, disclosed and non-disclosed, that were hired and prepared reports from 1983 to the beginning of 2002 (the date the first hearing loss case was filed).  This information will help substantiate plaintiffs' claims that various work locations and equipment were excessively loud and help prove what MN knew about the noise levels of various work locations and equipment.  Lastly, one cannot credibly argue that the dates and persons administering the tests are work product protected information.

**5.    Describe steps taken by the defendant Metro-North Railroad if any, to abate or reduce noise levels in its facilities or on the job sites in which the plaintiff worked.**

During the parties' Rule 37 Conference, the plaintiffs agreed to limit the interrogatory so that it only applies to facilities, job sites, and equipment at or around which each respective plaintiff worked. MN agreed to withdraw its objections and respond to the interrogatory as modified. To date, MN has not responded. Accordingly, the plaintiff seeks an order from the Court requiring a response to this interrogatory, as modified, by a date certain.

**7.    Was there any individual noise protection devices provided the plaintiff or to other workers in their facility or on their job sites?  If so, please state:**
**(a)  the date such devices were provided the plaintiff;**
**(b)  the date such devices were provided to such other co-workers;**
**(c)   the type of device which was provided, including brand name and model number.**

During the parties' Rule 37 Conference, the plaintiffs agreed to limit the scope of the interrogatory to just the respective plaintiff and not his or her co-workers and MN agreed to withdraw its objections and respond to the interrogatory. To date, MN has not responded. Accordingly, the plaintiff seeks an order from the Court requiring a response to this interrogatory, as modified, by a date certain.

**9.  Identify all rules, regulations or guidelines pertaining to use of hearing protection.**

During the parties' Rule 37 Conference, the plaintiffs agreed to limit the scope of the interrogatory to "all rules, regulations, or guidelines pertaining to use of hearing protection at 'every place of work or job assignment' held by each respective plaintiff during the course of his or her employment with Metro-North" and MN agreed to withdraw its objections and respond to this interrogatory as modified. To date, MN has not responded. Accordingly, the plaintiff seeks an order from the Court requiring a response to this interrogatory, as modified, by a date certain.

With respect to interrogatories 1, 2, 3, and 6 MN has filed no objections, however, it has failed to provide the plaintiffs with responses. With respect to interrogatory 8, MN agreed to

withdraw its objection during the parties' Rule 37 Conference, but has not yet responded to the

interrogatory.

**1.    List each and every place of work and job assignment of the plaintiff which, according to your records, the plaintiff held during his employment with you.**

**2.    Describe in detail the duties involved in each of the job assignments described in answer to Interrogatory No. 1.**

**3.    Detail any steps taken by the defendant Metro-North Railroad to protect the plaintiff from exposure to noise while employed by defendant Metro-North Railroad and when such steps were implemented.**

**6.    Was any educational program ever undertaken by the defendant Metro-North Railroad to inform the plaintiff of company-approved methods to avoid injury from noise?  If so, please identify the dates it was undertaken and the names and titles of any Metro-North employees responsible for implementing or overseeing any such educational program.**

**8.    Please identify any tangible information from the Federal Railroad Administration concerning railroad noise, sound testing, surveys, etc. from 1983 to the present.**

Accordingly, the plaintiffs' move the Court for and order compelling MN to respond to the

aforementioned interrogatories by a date certain.


**E.    CONCLUSION**

For the foregoing reasons the plaintiffs request that the Court compel MN to produce

documents responsive to requests for production ("RFP") (1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13,

14, 17, 18, 19, 20, 21, 22, 24, 25, 26 and 27) and to respond to interrogatories (1, 2, 3, 4, 5, 6,

7, 8 and 9).

FOR THE PLAINTIFFS,



By_____
        Scott E. Perry (ct17236)
        CAHILL & GOETSCH, P.C.
        43 Trumbull Street
        New Haven, Connecticut  06511
        (203) 777-1000

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 14th day of November, 2003, to Anthony D. Sutton, Esq., Ryan, Ryan, Johnson & Deluca, LLP, 80 Fourth Street, P.O. Box 3057, Stamford, Connecticut  06905 and to Lori A. McCarthy, Esq., Flynn & Associates, P.C., 189 State Street, 6th Floor, Boston, Massachusetts 02109.

_____
Scott E. Perry